# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Cam Caddie,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 1:16-cv-03408 |
| v. | ) |
| | ) |
| **47 St Camera, Corp., d/b/a 47st Photo CA, d/b/a 47stphoto.com, d/b/a 47st. Photo, and d/b/a 47th Street Photo,** | ) JURY TRIAL DEMANDED |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT

Plaintiff Cam Caddie ("Plaintiff" or "Cam Caddie"), by and through its undersigned counsel, as and for its Complaint against Defendant, 47 St Camera, Corp, dba 47st Photo CA, 47th Street Photo, and 47st. photo ("Defendant") makes the following allegations. These allegations are made upon information and belief.

### NATURE OF THE ACTION

1. This is an action against Defendant for trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and for false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C.§ 1125(a))

### PARTIES

2. Plaintiff Cam Caddie is a California corporation with its office and principal place of doing business at 731 Ruberta Avenue, Glendale, CA 91201.

/ / /

/ / /

1

3. Plaintiff alleges on information and belief that Defendant 47 St Camera, Corp., is a Corporation incorporated under the laws of the State of New York, doing business as 47stphoto.com, 47st. Photo, 47th Street Photo and 47st Photo CA, which all have an office and principal place of business at 1635 McDonald Ave, Brooklyn, NY 11230.

## JURISDICTION AND VENUE

4. This action arises under section 43(a) of the Lanham Act of the United States, including 15 U.S.C. §§ 1114, et seq.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Lanham Act of the United States. This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a) because the Plaintiff's state law claims are so related to claims at issue pursuant to the Lanham Act that they form part of the same case or controversy under Article III of the United States Constitution.

6. Defendants are subject to the personal jurisdiction of this Court and venue is proper in this District under 28 U.S.C. §1391(b) and (d) in that, Defendants are doing business in this judicial district and the events giving rise to the claims occurred in this Judicial District.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, at a minimum, Defendant is subject to this Court's personal jurisdiction in that the acts and transactions including the sale of consumer products which infringe Plaintiff's trademark occurred in this district.

## FACTS

8. Plaintiff is the owner, by assignment, of U.S. Trademark Registration No. 3839939 for CAM CADDIE, which was duly and legally registered on August 31, 2010, by the United States Patent and Trademark Office. A copy of the registration certificate for the CAM CADDIE trademark is attached to this Complaint as **Exhibit A**. Plaintiff has also owned the common law trademark rights for CAM CADDIE in the United States and elsewhere around the world since at least 2006 (hereafter collectively, "Cam Caddie Trademarks").

9. Plaintiff is a privately held corporation founded in 2008 as a manufacturer of creative, original, unique and stylistic camera accessories. Plaintiff's products are creative works of art. Plaintiff is continually striving to develop creative, original and unique products of the highest quality and materials. Plaintiff is recognized domestically and internationally for manufacturing high quality camera accessories, namely universal handle attachment for cameras.

10. Due to Plaintiff's longstanding presence in the camera accessory business, CAM CADDIE has become a well-known trademark in the camera accessory industry as an indicator to both amateur and professional photographer, photojournalists and videographers of a high quality accessory.

11. Defendant has sold substandard quality counterfeit copies of Plaintiff's camera accessories utilizing Plaintiff's CAM CADDIE trademark and has irreparably damaged the value and goodwill associated with Plaintiff's trademark.

12. Upon information and belief, long after Plaintiff's adoption and use of the Cam Caddie Trademarks on its products and after Plaintiff's federal registration of the Cam Caddie Trademarks, Defendant began selling, offering for sale, distributing, promoting and advertising camera accessories for sale in interstate commerce bearing counterfeits and infringements of the Cam Caddie Trademarks.

13. The counterfeit marks used by Defendant in interstate commerce are identical with the Cam Caddie Trademark. Defendant uses the Plaintiff's brand, without permission, to bait customers into placing order for goods thought to originate with Plaintiff and then ships a substandard quality counterfeit product that is not manufactured by or for Plaintiff. An invoice for a counterfeit Cam Caddie product is attached hereto as **Exhibit B**.

## COUNT I
### (Federal Statutory Trademark Infringement)

14. Plaintiff repeats and realleges the allegations of paragraphs 1-13 of its complaint as if fully set forth here.

15. The actions and conduct of Defendant constitute infringement of a federally registered trademark in violation of 15 U.S.C. §§ 1114, et seq., and have caused irreparable harm, damage and injury to Plaintiff.

16. As a direct and proximate result of the willful and wanton conduct of defendant, plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless defendant is restrained by this Court from continuing infringement of the Cam Caddie Trademarks.

17. Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

18. Cam Caddie is also entitled to recover its actual damages and defendant's profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a) and (b); attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); the seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and the impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## COUNT II
### (Federal Unfair Competition)

19. Plaintiff repeats and realleges the allegations of paragraphs 1-18 of its complaint as if fully set forth here.

20. The actions and conduct of Defendant constitute use in commerce of a word, term, name, or device and false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Plaintiff with Defendant or as to the origin, sponsorship, or approval of the goods and services of Defendant in violation of 15 U.S.C. §1125(a) and have caused irreparable harm, damage and injury to Plaintiff.

21. As a direct and proximate result of the willful and wanton conduct of defendant, plaintiff has been injured and will continue to suffer irreparable injury to its business and reputation unless defendant is restrained by this Court from continuing infringement of the Cam Caddie Trademarks.

22. Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

23. Cam Caddie is also entitled to recover its actual damages and defendant's profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a) and (b); attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); the seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and the impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## COUNT III
### (Deceptive Acts)

24. Plaintiff repeats and realleges the allegations of paragraphs 1-23 of its complaint as if fully set forth here.

5

25. The actions and conduct of Defendant constitute deceptive acts in violation of New York G.B.L. § 349 and have caused irreparable harm, damage and injury to Plaintiff.

## COUNT VI
### (Common Law Trademark Infringement)

26. Plaintiff repeats and realleges the allegations of paragraphs 1-25 of its complaint as if fully set forth here.

27. The actions and conduct of Defendant constitute infringement of Plaintiff's statutory and common law trademark rights and rights to its trade name in violation of the laws of the State of New York and common law and have caused irreparable harm, damage and injury to Plaintiff.

## COUNT VII
### (Common Law Unfair Competition)

28. Plaintiff repeats and realleges the allegations of paragraphs 1-27 of its complaint as if fully set forth here.

29. The actions and conduct of Defendant constitute unfair competition under the laws of the State of New York and common law and have caused irreparable harm, damage and injury to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. For an award of actual damages and Defendant's profits in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

B. For an award of actual damages and Defendant's profits, in an amount to be proven at trial for trademark counterfeiting under 15 U.S.C. § 1114(b);

  C. For an award of actual damages and Defendant's profits in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

  D. For a finding that Defendant's acts of trademark infringement and false designation of origin are willful;

  E. In the alternative to actual damages and Defendant's profits for the infringement and counterfeiting of Plaintiff's trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

  F. For preliminary and permanent injunctive relief prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described in this complaint, including the advertising of or dealing in any copied or counterfeit product; the unauthorized use of the Cam Caddie Trademarks or other intellectual property rights of Plaintiff; false designation of origin; deceptive acts; unfair competition; and any other act in derogation of Plaintiff's rights;

  G. For the destruction of the infringing articles in Defendant's possession under I5 U.S.C. § 1118;

  H. For treble damages suffered by plaintiff as a result of the willful and intentional infringement and acts of counterfeiting engaged in by defendant, under 15 U.S.C. § 1117(b);

  I. For damages in an amount to be proven at trial for unjust enrichment;

  J. For an award of exemplary or punitive damages in an amount to be determined by the Court;

  K. For Plaintiff's reasonable attorney's fees;

  L. For all costs of suit; and

  M. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

DATED: June 22, 2016          Respectfully submitted,

<u>*/s/ Rasheed McWilliams*</u>
Rasheed M. McWilliams (RM6662)
Cotman IP Law Group, PLC
35 Hugus Alley, Suite 210
Pasadena, CA 91103
(626) 405-1413
rasheed@cotmanip.com

**Attorney for Plaintiff, CAM CADDIE**